UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **JAMES GRAY** | **CIVIL ACTION NO. 5:19-CV-00706** |
| **VERSUS** | **JUDGE TERRY L. DOUGHTY** |
| **CLECO POWER, LLC** | **MAG. JUDGE KAREN L. HAYES** |

**RULING**

Pending before the Court is a Motion to Dismiss for Insufficiency of Service of Process [Doc. No. 12] filed by Defendant Cleco Power, LLC ("Cleco"). Cleco moves to dismiss Plaintiff James Gray's ("Gray") Complaint for insufficiency of service of process pursuant to Federal Rule of Civil Procedure 12(b)(5). Gray has not filed a memorandum in opposition.

For the following reasons, Cleco's Motion to Dismiss is GRANTED.

**I.     ALLEGED FACTS AND PROCEDURAL HISTORY**

Gray filed a Complaint against Cleco on June 3, 2019. [Doc. No. 1]. Summons was issued for service on Cleco on June 5, 2019. [Doc. No. 5].

On June 6, 2019, Magistrate Judge Mark L. Hornsby issued a Memorandum Order [Doc. No. 6]. In light of Gray's *pro se* status, Magistrate Judge Hornsby advised him in pertinent part as follows:

> Plaintiff will first need to serve his complaint on Cleco. Service may be accomplished by delivering the summons, which will be issued by the Clerk of Court, and **a copy of the complaint to Cleco's registered agent for service** or other person authorized to receive service under Federal Rule of Civil Procedure 4. Rules for the various means of delivery and service are also set forth in Rule 4. Plaintiff must complete service and file evidence of service within 90 days of the filing of his complaint, which will be September 1, 2019. Failure to do so may result in dismissal of this civil action.

(emphasis added).

Despite Magistrate Judge Hornsby's admonition, Gray failed to effect service and provide notice that he had done so in a timely manner. Therefore, on September 18, 2019, the Clerk of Court issued a Notice of Intent to Dismiss for Failure to Prosecute. [Doc. No. 8]. The Notice advised Gray that he could seek an extension of time to effect service if he had good cause for his failure to do so.

On September 26, 2019, Gray filed a motion for extension of time to serve Cleco. [Doc. No. 9]. The Court granted Gray's motion and ordered him to effect service by November 1, 2019. [Doc. No. 10].

On October 31, 2019, the day before the extended service deadline, Gray filed a proof of service into the record. [Doc. No. 11]. The proof of service is executed by Tyria Hill and attests that Cleco was personally served with the summons at its corporate headquarters on October 30, 2019. *Id.*

That same day, October 31, 2019, Michael Joseph ("Joseph"), a Cleco manager, received an envelope through the company interoffice mail system. [Doc. No. 12-2, Declaration of Michael Joseph ("Joseph Dec."), Exhibit A, at ¶ 3.]. A sticky note on the outside of the envelope read: "For: Michael Joseph From: Tyria Hill for James Gray." *Id.* (Copy of Envelope, attached to Joseph Dec. as Exhibit A-1.). Cleco's interoffice mail system allows employees to transmit mail to other Cleco employees at any Cleco office throughout Louisiana. *Id.* at ¶ 6. Employees can send an item via interoffice mail by placing it in the mailroom or giving the item to mailroom personnel (or by having another employee do this on their behalf). *Id.* at ¶ 7. The only material inside of the envelope was a summons dated June 5, 2019, a notice to parties/counsel, and a letter from the Clerk of Court addressed to "Pro Se Litigant." *Id.*

(Contents of Envelope, attached to Joseph Dec. as Exhibit A-2.). There was not a copy of Plaintiff's Complaint in the envelope. *Id.* at ¶ 9.

On December 2, 2019, Cleco made a special appearance for the sole purpose of contesting the sufficiency of service of process and filed the instant motion. The Clerk of Court issued a Notice of Motion Setting [Doc. No. 14] indicating that Gray had fourteen (14) days from the date of the notice (December 3, 2019) to file an opposition. Thus, Gray's opposition was due no later than December 17, 2019. However, as of this date, more than four months later, Gray has failed to oppose the motion or seek an extension to do so. Gray has not provided any other evidence of service or sought any additional extension to serve Cleco.

## II. LAW AND ANALYSIS

Under Federal Rule of Civil Procedure 12(b)(5), "[w]hen service of process is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service." *Sys. Signs Supplies v. U.S. Dep't of Justice, Washington, D.C.*, 903 F.2d 1011, 1013 (5th Cir. 1990). The Court may consider affidavits or declarations in resolving Rule 12(b)(5) motions. *See Riley v. Office of Alcohol & Tobacco Control of Louisiana Dep't of Revenue*, No. CV 18-6984, 2018 WL 6651082, at *3 (E.D. La. Dec. 19, 2018) ("The Court may consider such affidavits when ruling on a Rule 12(b)(5) motion to dismiss."); *Thomas v. New Leaders for New Sch.*, 278 F.R.D. 347, 351 (E.D. La. 2011) ("The Court may consider such affidavits when resolving a Rule 12(b)(5) challenge without converting the motion into a motion for summary judgment.").

Where a party has not complied with the rules for proper service and 90 days have passed, the Court "must dismiss the action without prejudice . . . or order that service be made within a specified time." FED. R. CIV. P. 4(m). "Pro se status does not excuse a litigant's

complete failure to effect service." *Wells v. Hain Celestial Grp., Inc.,* No. 15-CV-0025, 2015 WL 9244892, at *2 (W.D. La. Nov. 23, 2015), report and recommendation adopted, No. CV 15-0025, 2015 WL 9094716 (W.D. La. Dec. 16, 2015) (quoting *Sys. Signs Supplies*, 903 F.2d at 1013).

Federal Rule of Civil Procedure 4(h), which refers to Rule 4(e)(1), sets forth the acceptable methods by which a corporate entity such as Cleco may be served. These include either delivering a copy of the summons and the complaint to a managing officer or agent or following state law for serving summons in the state where the district court is located. FED. R. CIV. P. 4(h)(1)(A)-(B); FED. R. CIV. P. 4(e)(1). The Louisiana Code of Civil Procedure provides that a corporate entity is served "by personal service on any one of its agents for service of process." LA. CODE CIV. PROC. ART. 1261(A). However, "[a]n agent must have actual authorization from the entity sought to be served. Apparent authority is insufficient." *Poydras v. Iberiabank Corp.*, No. 6:19-CV-01171, 2019 WL 5855834, at *1 (W.D. La. Nov. 7, 2019) (quoting *Smith v. Woman's Hosp.*, 2015 WL 2357127, at *3 (M.D. La. May 15, 2015)).

In this case, Gray did not effectuate service on Cleco using either of these acceptable methods. First, the envelope Joseph received by interoffice mail did not contain a copy of the Complaint, but rather only a summons and other documents. [Doc. No. 12-2, Joseph Dec. at ¶¶ 8-9.]. To this extent, Gray's attempt at service failed to comply with Rule 4(c)(1). *See Ceasar v. Dillards Dep't Store,* No. CV 6:17-01066, 2018 WL 3030126, at *3 (W.D. La. May 31, 2018), report and recommendation adopted sub nom. *Ceasar v. Dillards Dep't Store*, No. 6:17-CV-1066, 2018 WL 3029336 (W.D. La. June 18, 2018).

Furthermore, to the best of Cleco's knowledge, the envelope was not delivered by the process server to a managing officer or agent of the Company. While Joseph eventually

4

received the envelope via interoffice mail, it was not personally delivered to him by a process server, and Cleco does not know where the envelope originated from. [Doc. No. 12-2, Joseph Dec. at ¶¶ 3, 6.]. Therefore, Gray failed to properly serve Cleco in accordance with the Federal Rules of Civil Procedure or the Louisiana Code of Civil Procedure.

Well over 90 days have passed since the Complaint was filed in June 2019, almost one year ago, and Gray has previously been granted an extension of time to effect service, but has failed to do. He has further failed to oppose this motion, provide reasons for his failure, or to request another extension of time. Under these circumstances, the Court finds no basis to, *sua sponte*, extend additional time for Gray to effect service. *See Sys. Signs Supplies*, 903 F.2d at 1013 (To establish good cause, a litigant must demonstrate "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice"; the litigant "must make a showing of good faith and establish 'some reasonable basis for noncompliance within the time specified.'") (quoting 4A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1165, at 480 (2d ed. 1987)).

### III. CONCLUSION

For the foregoing reasons, Cleco's Motion to Dismiss [Doc. No. 12] is GRANTED, and Gray's Complaint is DISMISSED WITHOUT PREJUDICE.

**MONROE, LOUISIANA, this 4th day of May, 2020.**

TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE